(C.D. 3456)

JARRELL-ASH COMPANY *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 22, 1968)

*Walter E. Doherty, Jr.,* for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Avram Weisberger* and *Alfred A. Taylor, Jr.,* trial attorneys), for the defendant.

RAO, Chief Judge: The subject merchandise in this case is described on the commercial invoice accompanying the entry covered by the above enumerated protest as "Vertical X-ray tubes".

Upon entry at the port of Boston, the customs authorities classified the importation for tariff purposes as laboratory apparatus parts within the purview of paragraph 360 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and imposed duty thereon at the rate of 25½ per centum ad valorem.

Plaintiff controverts said classification and duty assessment contending the imported articles should properly have been classified within the *eo nomine* provision for X-ray tubes and parts thereof contained in paragraph 353 of the 1930 Tariff Act, as modified, *supra*, for which duty at the rate of only 8½ per centum ad valorem is provided.

The specific language of the tariff provisions in competition is here set forth.

Paragraph 360 of the tariff act, as modified, *supra:*

Scientific and laboratory instruments, apparatus, utensils, appliances * * *, and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specifically provided for:
  Slide rules * * *
  Other * * * _____ 25½% ad val.

Paragraph 353 of the tariff act, as modified, *supra:*

Electrical X-ray apparatus, instruments (other than laboratory), and devices, finished or unfinished, wholly or in chief value of metal, and not specially provided for (except X-ray tubes) _____ 7½% ad val.

\* \* \* \* \* \* \*

Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 in this Part:

\* \* \* \* \* \* \*

  X-ray tubes and parts thereof_____ 8½% ad val.
  Other _____ * * *

\* \* \* \* \* \* \*

Photographs and pamphlets which depict in picture form the X-ray tubes in issue were received in evidence as plaintiff's exhibits 1-A, 1-B, and 1-C, and defendant's exhibits A and B.

Called to testify on behalf of plaintiff were Gordon Penner, import manager of the plaintiff company, which is engaged in the manufacture and distribution of analytical instrumentation, and Paul Kusmanoff, who operates the X-ray laboratory of Jarrell-Ash Company.

The gist of their testimony is that the vertical X-ray tubes in issue are integral parts of X-ray generators which are usually located in laboratories for the purpose of examining materials for their constituent chemical combination, and that said X-ray generators are used both by hospitals in connection with biochemical analyses and by manufacturing companies in the maintenance of quality control of their products.

At the conclusion of the trial, time was granted to both parties for the filing of briefs. Plaintiff complied. Defendant, however, upon request, was relieved from so doing in view of the decision of this court in *Tice & Lynch, Inc.* v. *United States*, 57 Cust. Ct. 516, C.D. 2862, which was promulgated during the running of the briefing period. Predicated on said case, defendant concedes the validity of the claim of plaintiff.

The *Tice & Lynch* case, *supra*, involved certain diffraction and spectroscopy equipment, which the parties agreed consisted in fact of electrical X-ray apparatus. Its classification as laboratory instruments and parts thereof in paragraph 360 of the Tariff Act of 1930, as modified, was contested, plaintiff claiming the merchandise should properly have been classified as X-ray apparatus and parts thereof within the purview of paragraph 353 of said act, as modified, and, therefore, subject to a lower rate of duty. After due consideration of the competing provisions, the court came to the conclusion "that Congress intended that electrical X-ray apparatus would be classified in said paragraph 353 and would be subject to its duty provisions whether or not said apparatus was used for laboratory purposes."

Said *Tice & Lynch* case, which was not appealed, is deemed to be controlling of the present controversy. Accordingly, we hold upon the record before us that the X-ray tubes in issue, which were classified upon importation as laboratory apparatus parts in paragraph 360 of the Tariff Act of 1930, as modified, should properly have been classified as parts of electrical X-ray apparatus in paragraph 353 of said act, as modified by the sixth protocol, *supra*, and granted the benefit of the specific rate of duty of $8\frac{1}{2}$ per centum ad valorem for such parts as consist of "X-ray tubes and parts thereof". The claim in the protest to that effect is, therefore, sustained.

Judgment will be entered accordingly.